## Mock v. County Board of Education of Nelson County, et al.

(Decided December 6, 1911.)

### Appeal from Nelson Circuit Court.

1. Schools—County Board of Education—Dismissal of Teacher—Action for Damages.—For unlawful dismissal a teacher may maintain an action for damages against the County Board of Education, but the extent of its liability is the amount of salary due under the contract and where on appeal to this court it appears that the amount due is only $132.50, the appeal will be dismissed.

2. Same—Division of District.—An educational division of a district not being incorporated, cannot be sued, but the trustees of such division may be sued.

3. Misjoinder—Parties Defendant—Motion to Elect.—In an action for damages by a teacher for unlawful dismissal, the County Board of Educational and the trustee of the school may not be joined as parties defendant where the action against the trustee is based on his personal tort in locking the school house door and preventing the teacher from teaching. In such a case a motion to elect is proper.

C. T. ATKINSON for appellant.

JOHN S. KELLEY and RADFORD C. CHERRY for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Dismissing appeal.

Plaintiff, Lizzie Mock, who had been elected and qualified as teacher of the Poplar Flat School No. 7 in Educational District No. 5 of Nelson County, brought this action to recover damages for her unlawful dismissal. The County Board of Education of Nelson County, Educational Division No. 5 of Nelson County, Common School No. 7 in said Division No. 5, and E. L. Beam, as trustee of Popular Flat School No. 7 of Educational Division No. 5, were made parties defendant. She charged that the total amount due her

under her contract was $227.15, of which sum only $84.62 had been paid. She asked damages in the sum of $300. The court first required plaintiff to elect which one of the parties defendant she would proceed against, and she elected to proceed against the County Board of Education. Thereupon the court sustained a demurrer to the petition, the petition was dismissed, and she appeals.

Plaintiff did not sue the individual trustees of the Educational Division who, it is claimed, unlawfully dismissed her; she simply sued the Educational Division itself, which is unincorporated and can not be sued. As under the Act of March 24, 1908, which is set forth in the subsections of section 4426a of the Kentucky Statutes, the County Board of Education is vested with the control of the school property of the county and has authority to apply the funds arising from local taxation to the payment of the teachers' salaries, we think the County Board of Education was properly made a party defendant. Its liability, however, is measured by the amount of money due under the teacher's contract. The only cause of action alleged against E. L. Beam, the trustee, was his personal tort in locking the school house door and preventing plaintiff from teaching. Under these circumstances the County Board of Education and E. L. Beam, the trustee, could not be joined as parties defendant. Therefore, the court properly required the plaintiff to elect which one of the defendants she would proceed against. Having elected to proceed against the County Board of Education, and its liability being restricted to the amount of plaintiff's salary due under the contract, and plaintiff having admitted that she had received $94.62 of the $227.15 due her, it follows that the only amount in controversy on this appeal is the difference between these two sums, or $132.53, which is not sufficient to confer jurisdiction on this court. (Kentucky Statutes, section 950.)

For these reasons the appeal is dismissed.